IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GER DERRICK MONCRIEF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv116-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is petitioner Ger Derrick Moncrief's ("Moncrief") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] After considering the parties' submissions, the record, and the applicable law, the court finds that Moncrief's § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

**I. INTRODUCTION**

On January 7, 2013, Moncrief pled guilty under a plea agreement to conspiracy to possess with intent to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and aiding and abetting the possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. The district court sentenced

---

[1] References to document numbers ("Doc. No.") are to those assigned by the Clerk of Court to pleadings docketed in this civil action. References to exhibits ("Gov. Ex.") are to exhibits submitted by the Government with its response to the § 2255 motion (Doc. No. 14). All page references are to those assigned by CM/ECF.

Moncrief on June 5, 2013, to 108 months in prison. Moncrief did not appeal.[2]

On February 19, 2014, Moncrief filed this § 2255 motion (Doc. No. 1) claiming that his trial counsel rendered ineffective assistance by failing to adequately contest the district court's addition of two criminal history points in calculating his criminal history, pursuant to U.S.S.G. § 4A1.1(d), based on a finding that he committed his instant offenses while under criminal justice sentences – specifically, probation – for first-degree and second-degree possession of marijuana.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

---

[2] The plea agreement contained an appeal/collateral-attack waiver with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct. Gov. Ex. C at 6-7.

**B.  Ineffective Assistance of Counsel**

1.  Standard for Assessing Claims of Ineffective Assistance

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or

3

unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 2. Counsel's Failure to Adequately Contest § 4A1.1(d) Enhancement

Moncrief contends that his trial counsel rendered ineffective assistance by failing to adequately contest the district court's addition of two criminal history points in calculating his criminal history, pursuant to U.S.S.G. § 4A1.1(d), based on a finding that he committed his instant offenses while on probation. Doc. No. 1 at 4; Doc. No. 2 at 4-5.

Sentencing Guideline § 4A1.1(d) directs the district court to add two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). The presentence investigation report ("PSI") recommended that the court add two criminal history points in calculating Moncrief's criminal history because he committed his instant offenses while on probation for convictions in the Montgomery County Circuit Court, for first-degree possession of marijuana, and the Homewood Municipal Court, for second-degree possession of marijuana. PSI at 10, ¶ 42. Although Moncrief's counsel initially submitted objections challenging the PSI's finding that Moncrief was on probation in the Montgomery County and Homewood cases when he committed the instant offenses, *see* PSI at 18, counsel later withdrew those objections,

4

informing the court at the sentencing hearing that any objections to the PSI has been "resolved." Gov. Ex. E at 7. The district court adopted the PSI's finding that Moncrief committed his offenses while on probation and thus added two criminal history points under § 4A1.1(d) to a previous two points to reach a criminal history category of III. *Id.* at 8; *see* PSI at 10 ¶¶ 41-43. This, together with Moncrief's adjusted offense level of 29 (which included a four-level reduction under U.S.S.G. § 5K1.1), yielded a guideline sentencing range of 108 to 135 months. The district court sentenced Moncrief to 108 months' imprisonment. *See* Gov. Ex. E at 14, 19.

Moncrief argues that his counsel should not have withdrawn his objections to the finding that he was on probation when he committed his instant offenses – and should even have pursued the issue in an appeal – because, he says, he was on probation in neither the Montgomery County case nor the Homewood case when he committed his instant offenses. He maintains that, before he committed the instant offenses, he was granted an early termination of his probation in the Montgomery County case and completed a court referral program in his Homewood case, which he says was a "substitute for probation." *See* Doc. No. 2-1 at 1-2; Doc. No. 23 at 5.

*Montgomery County Case*

The PSI reflects that on August 3, 2010, Moncrief pled guilty in the Montgomery County Circuit Court to first-degree possession of marijuana and that on September 3, 2010, he was sentenced in that case to 4 years in prison, suspended, with placement on 4 years of probation. PSI at 10, ¶ 39. After the PSI was prepared but before sentencing in the instant

case, Moncrief presented the preparing U.S. Probation Officer with a copy of a Field Report on Early Termination of Probation, which appeared to be approved by the sentencing judge in his Montgomery County case, indicating that Moncrief was granted early termination of his probation on his conviction for first-degree possession of marijuana on August 16, 2011 – i.e., before he committed his instant offenses.[3] *See* PSI at 10, ¶ 39; PSI at 18. Moncrief's counsel's initial objection to the § 4A1.1(d) enhancement was based in part on this document. PSI at 18. However, the U.S. Probation Officer, in investigating the matter, could find no record in the case files maintained by the Montgomery County Circuit Clerk indicating that Moncrief's probation in Montgomery County case had actually been terminated early. *See id*. & PSI at 18. Thus, at the time of sentencing, there was no evidence – apart from the "Field Report" submitted by Moncrief – that Moncrief's probation in his Montgomery County case was not in effect when he committed the instance offenses. Thus, the U.S. Probation Officer maintained that Moncrief's probationary status in the Montgomery County case was a proper basis for the § 4A1.1(d) enhancement. PSI at 18.

Under *Strickland*'s performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Strickland*, 466 U.S. at 690. In light of the absence of any formal record, duly recorded by the Montgomery County Circuit Clerk, establishing that at the time of Moncrief's sentencing in the instant case Moncrief's probation in his Montgomery County case

---

[3] The indictment in the instant case charged that the conspiracy ran from an unknown date until about May 2012 and that the substantive distribution offense ran from an unknown date until about February 13, 2012. *See* Gov. Ex. A at 2-3.

had been terminated in August 2011, it was not professionally unreasonable for Moncrief's trial counsel to withdraw his challenge to the PSI's finding that Moncrief was on probation in the Montgomery County case when he committed his instant offenses and to consider the issue "resolved."[4]

## *The Homewood Case*

Even had Moncrief's counsel persisted in his objection to the finding in the PSI that Moncrief was on probation in the Montgomery County case when he committed the instant offenses, and even had counsel succeeded in persuading the district court that Moncrief's probation in the Montgomery County case had been terminated before he committed his instant offenses, the two-point criminal history enhancement under § 4A1.1(d) was nevertheless warranted based on Moncrief's probationary status in his Homewood case, which the PSI also cited as a basis for the § 4A1.1(d) enhancement. The PSI reflects that on September 14, 2010, Moncrief, after waiving counsel, pled guilty in the Homewood Municipal Court to second-degree possession of marijuana (a misdemeanor), and on that same date, he was sentenced to 30 days in jail, suspended, with placement on 24 months of probation. PSI at 10, ¶ 40. As a special condition of the probation, he was ordered to complete a court referral program. *Id*. In his initial objection to the § 4A1.1(d) enhancement, Moncrief's trial counsel argued (as

---

[4] With his pleadings in the instant case, Moncrief submits a new copy of a Field Report on Early Termination of Probation, apparently secured with the aid of his county probation officer, which reflects that his probation in the Montgomery County case was terminated on August 16, 2011. Doc. No. 11 at 4. However, there is no evidence that this document, which was signed by the sentencing judge in that case on February 10, 2014, was in Moncrief's case files maintained by the Montgomery County Circuit Clerk when he was sentenced in the instant case.

Moncrief does now) that the court referral program was a "substitute for probation" and that because Moncrief completed the court referral program on April 18, 2011, he was not on probationary status in the Homewood case when he committed the instant federal offenses. PSI at 18. In response to this objection, the U.S. Probation Officer noted that the court referral program did not substitute for probation, but rather was a special condition of probation, and that even though Moncrief completed the court referral program on April 18, 2011, his two-year term of probation in the Homewood case nevertheless did not expire until September 14, 2012. *Id*. In light of the U.S. Probation Officer's response, Moncrief's counsel withdrew his challenge to the use of Moncrief's probationary status in the Homewood case as a basis for the two-point criminal history enhancement under § 4A1.1(d).

This court finds that because, as the U.S. Probation Officer contended, Moncrief's completion of the court referral program did not operate to terminate the remainder of the probationary term in his Homewood case, Moncrief's probationary status in that case was in effect when he committed his federal offenses and was therefore a proper basis for applying § 4A1.1(d)'s two-point criminal history enhancement to Moncrief. Consequently, it was not professionally unreasonable for Moncrief's counsel to withdraw his challenge to the PSI's finding that Moncrief was on probation in the Homewood case when he committed his instant offenses, and Moncrief fails to demonstrate that he was prejudiced by counsel's actions in this regard. *Strickland*, 466 U.S. at 689 & 694.

Moncrief suggests that his probationary status in the Homewood case could not be used as a basis for the § 4A1.1(d) enhancement because his misdemeanor conviction in that case

8

was the product of an uncounseled guilty plea. Doc. No. 23 at 5. However, Moncrief fails to demonstrate – or even to allege – that his waiver of counsel in the Homewood case was not knowing or voluntary. Therefore, he does not demonstrate that his conviction in that case was void or that his probationary status in that case could not be used as a basis for the two-point criminal history enhancement under § 4A1.1(d). *See United States v. Gray*, 367 F.3d 1263, 1273-74 (11th Cir. 2004) (absent evidence that defendant's waiver of counsel in North Carolina court was invalid, his uncounseled prior North Carolina misdemeanor convictions were properly considered in determining his criminal history category under the Sentencing Guidelines); *United States v. Perez-Herrera*, 219 Fed. App'x 873, 874 (11th Cir. 2007) (where defendant presented no evidence that his waiver of counsel in his prior uncounseled guilty plea conviction was not knowing and voluntary, the district court properly considered the uncounseled guilty plea conviction in calculating the defendant's criminal history under the Sentencing Guidelines). As such, Moncrief cannot demonstrate that his counsel was ineffective for failing to present this argument.

For the foregoing reasons, the court finds that Moncrief is entitled to no relief on his claim that his trial counsel rendered ineffective assistance by failing to adequately contest his two-point criminal history enhancement under § 4A1.1(d).[5]

---

[5] Moncrief also asserts that his counsel was ineffective for failing to pursue this same issue in an appeal. *See* Doc. No. 2 at 4. However, for the same reasons that counsel was not ineffective for failing to press this matter at sentencing, counsel was not ineffective for failing to pursue the matter on appeal: the § 4A1.1(d) enhancement was proper. The court observes that Moncrief does not contend that he asked counsel to file an appeal, and Moncrief pled guilty under a plea agreement that contained an appeal waiver as to sentencing issues. *See* Gov. Ex. C at 6-7.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before December 29, 2015.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of December, 2015.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE